# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. CHAN PARK, IN HIS CORPORATE CAPACITY AS "VICE PRESIDENT OF TERMINAL EXCHANGE SERVICES, INC." ("TXS"), AND HIS INDIVIDUAL CAPACITY AS INVESTOR AND CO-FOUNDER OF TXS, IN PRO PER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TERMINAL EXCHANGE SERVICES, INC. ("TXS"), a California Corporation; PAUL N. HARWOOD, in both his individual and Corporate capacity as "CEO" of TXS; NAPOLEON ALEXANDER HARWOOD, in his Corporate capacity as "Secretary" of TXS, and; CAMILLE JOY HARWOOD, in her Corporate Capacity as "CFO" of TXS,<br><br>　　　　　　　　　　Defendants. | Case No.:  25-cv-79-DMS-JLB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Pending before the Court is Plaintiff's motion to remand this case back to state court. (Motion, ECF No. 2). Plaintiff is proceeding pro se. Defendants filed a notice of non-opposition to Plaintiff's Motion. (ECF No. 3). For the reasons discussed below, the Court

grants Plaintiff's Motion and remands this case back to state court.[1]

Defendants' notice of removal asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), which requires diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); ECF No. 1, at 2. Defendants' notice also asserts that their removal was timely under 28 U.S.C. § 1441(b) because they did not realize that the amount in controversy exceeded the statutory minimum until Plaintiff filed a declaration detailing the basis and amount for his damages until December 30, 2024. (ECF No. 1, at 3). Plaintiff contends that there is not complete diversity of citizenship and that removal was untimely under 28 U.S.C. § 1441(b) because Defendants had notice that the amount in controversy exceeded the statutory minimum at the time of the filing of his complaint. (Motion, 6–17).

The Court agrees with Plaintiff that Defendants' removal was untimely. Under 28 U.S.C. § 1441(b), a "defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1441(b). Plaintiff's initial complaint was filed on October 7, 2024 in San Diego Superior Court, (ECF No. 1-2, at 8), and was served on Defendant Terminal Exchange Services, Inc. on November 1, 2024. ECF No. 1, at 7–8; ECF No. 1-4, at 3. Plaintiff's complaint made clear that he was seeking damages of approximately $24 million. *See* ECF No. 1-2, at 30–32. Defendants did not remove this case until January 13, 2025, well after the thirty-day deadline set under 28, U.S.C. § 1441(b). Thus, the Court finds that removal was untimely.[2] Accordingly, the Court **GRANTS** Plaintiff's motion and **ORDERS** that this case be remanded back to state court.

---

[1] Pursuant to Civil Local Rule 7.1(d)(1), the Court also vacates the motion hearing scheduled for March 14, 2025 at 1:30 PM.

[2] The Court has discretion under Federal Rule of Civil Procedure 6(b)(1)(B) to consider an untimely motion to remand where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Nonetheless, based on the non-opposition of Defendants, the Court does find any excusable neglect.

**IT IS SO ORDERED.**

Dated: February 28, 2025

Hon. Dana M. Sabraw
United States District Judge